IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**BRENDA L. R.,**

    **Plaintiff,**

v.   Civil Action No. 3:21cv144

**KILOLO KIJAKAZI,**
*Acting Commissioner of Social Security,*

    **Defendant.**

## FINAL MEMORANDUM ORDER

This matter comes before the Court on Plaintiff's objection, (ECF No. 33), to the Magistrate Judge's Report and Recommendation ("R&R"), (ECF No. 32). In her objection, Plaintiff argues that the ALJ, "and by extension the Magistrate Judge[]," erred in evaluating the opinion of LSMW James, Plaintiff's counselor. (ECF No. 33, at 1–2; *see also* ECF No. 33, at 1 ("[T]he Magistrate Judge's findings simply reinforced the errors made by the ALJ in analyzing Plaintiff's daily activities."); ECF No. 33, at 3 ("The ALJ failed to [properly consider that opinion] here, thereby precluding meaningful review, and the Magistrate Judge's findings only served to reinforce those errors.").)

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) (citing *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). To "preserve the district court's role as the primary supervisor of magistrate judges," a party "may raise objections with the magistrate judge's report." *Id.* (citing *Midgette*, 478 F.3d at 621). "[T]he objection requirement is designed to allow the district court to 'focus on specific issues, not the report as a whole.'" *Id.* (quoting *Midgette*, 478 F.3d at 621). Accordingly, "objections must be specific and particularized." *Id.* "A general objection to the

entirety of the magistrate judge's report is tantamount to a failure to object." *Id.* (quoting *Tyler v. Wates*, 84 F. App'x 289, 290 (4th Cir. 2003)). "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purpose of district court review." *Id.* (quoting *Abou-Hussein v. Mabus*, No. 2:09-1988, 2010 WL 4340935, at *1 (D.S.C. Oct. 28, 2010), *aff'd*, 414 F. App'x 518 (4th Cir. 2011)). Instead, "objections must respond to a specific error in the" R&R. *Overstreet v. Berryhill*, No. 7:16cv585, 2018 WL 1370865, at *1 (W.D. Va. Mar. 16, 2018).

Plaintiff's objections present nothing more than a "rehashing of the arguments" that she raised in her motion for summary judgment. *Nichols*; 100 F. Supp. 3d at 497; (*see* ECF No. 28, at 7–15.) Thus, the Court finds *de novo* review of the Magistrate Judge's R&R unnecessary and reviews the R&R for clear error only. *See Lee v. Saul*, No. 2:18cv214, 2019 WL 3557876, at *1 (E.D. Va. Aug. 5, 2019). Having reviewed the record, and finding no clear error, the Court ORDERS that:

(1) Plaintiff's Objections to the R&R, (ECF No. 33), are OVERRULED;

(2) The R&R, (ECF No. 32), is ADOPTED on the basis of the reasoning in the R&R;

(3) Plaintiff's Motion for Summary Judgment, (ECF No. 27), is DENIED;

(4) The Commissioner's Motion for Summary Judgment, (ECF No. 30), is GRANTED; and,

(5) The Commissioner's decision is AFFIRMED.

It is SO ORDERED.

Date: 8-17-2022
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

2